

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

STACY SARTIN                  CIVIL ACTION NO. 00-0164

VERSUS

                                               SECTION "J"
WAL-MART STORES, INC.

                                               MAGISTRATE (1)
*************************************************************************

## JOINT PRE-TRIAL OUTLINE

1.

The Pre-Trial Conference is scheduled for November 30, 2000 at 11:00 a.m.

2.

Robert J. Caluda, Attorney for plaintiff, Stacy Sartin, 1340 Poydras Street, Suite 2110, New Orleans, Louisiana 70112, 504-586-0361;

Roy C. Beard, Attorney for the defendant, Wal-Mart Stores, Inc., 3445 N. Causeway Blvd., Suite 800, Metairie, Louisiana 70002, 504-831-0946.

3.

Plaintiff, Stacy Sartin, is a resident of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana;

Defendant, Wal-Mart Stores, Inc., is a foreign corporation licensed to do and doing business in the State of Louisiana.

4.

Jurisdiction is premised on the basis of diversity and the amount in controversy exceeds $75,000.00

5.

None.

6.

**Plaintiff's Summary of Facts:**

On or about August 21, 1999 your petitioner, Stacey Sartin, was a business invitee of the Wal-Mart Store located at 925 Behrman Highway, in the Parish of Jefferson, and was walking to the lay away department, when Wal-Mart employees were standing near the area of the fall and should have noticed (and cleaned up and/or warned Mrs. Sartin about the hazardous condition) a five foot linear area of red liquid on the floor that caused Mrs. Sartin to fall.

**Defendant's Summary of Facts:**

Defendant contends that if Mrs. Sartin was injured it was due to no fault on the part of this defendant, nor on the part of anyone for whom this defendant may be responsible. Rather, defendant contends that it at all times exercised due care for the safety of its customers, all in accordance with the duty imposed upon merchants under the same or similar circumstances. Defendant therefore denies liability to the plaintiff and specifically denies that it is anyway responsible for the damages alleged to have been sustained by the plaintiff. Finally, the defendant contends that the plaintiff's medical condition pre-existed the date of the alleged accident at Wal-Mart, and was neither caused or contributed to by said incident.

7.

**Uncontested Material Facts:**

Wal-Mart Stores, Inc., was the owner/operator of the Wal-Mart store located in Gretna, Louisiana and at all times pertinent hereto.

8.

**Contested Issues of Fact:**

    a)    Whether or not Wal-Mart Stores, Inc. was negligent;

    b)    Whether or not the plaintiff was negligent;

    c)    The nature and extent of plaintiff's injuries;

    d)    The nature and extent of plaintiff's damages;

    e)    Actual and medical causation

9.

**Contested Issues of Law:**

None.

10.

**Plaintiff's Exhibit List:**

Any and all medical records, reports, charts, bills and diagnostic test results from The Health Care Center;

    a)    Any and all medical records, reports, charts, bills and diagnostic test results from Dr. Michael Brunet (Tulane University Medical Group)

    b)    Any and all diagnostic reports, films and bills from Thompson Dietz, MD, Clearview Medical Imaging

    c)    Any and all medical records, reports, charts, bills and diagnostic test results from Tulane University Hospital and Clinic;

    d)    Any and all documentation regarding lost wages sustained by the plaintiff, including but not limited to W-2, Income Tax Returns and paycheck stubs;

    e)    Copy of the Wal-Mart Associate Handbook;

f) Copy of the Wal-Mart Customer Safety Lesson;

g) Copy of the Wal-Mart Safety Sweep Program;

h) Copy of the Wal-Mart Slip/Trip/Fall Solutions;

i) Copy of the Wal-Mart Day Maintenance Associate Job Description;

j) Copy of the Wal-Mart Night Maintenance Associate Job Description;

k) Copy of the Wal-Mart Floor Care Program;

l) Copy of the Wal-Mart Maintenance Manual;

m) Copy of the Wal-Mart Resource Manual;

n) Copy of the Wal-Mart Payroll Records;

o) Copy of the Incident Report;

p) Copy of the Wal-Mart Safety Team Notes;

q) Medical Summary and calendar;

r) Any exhibit listed by any party to this litigation;

s) Any exhibit mentioned or referred to in any discovery conducted in this matter.

t) Any deposition conducted in this matter.

**Defendant's Exhibit List:**

a) Report of Customer Incident;

b) Photographs of scene;

c) Copy of Wal-Mart Associate Handbook;

d) Copy of Wal-Mart Safety Lesson;

e) Copy of Wal-Mart Safety Sweep Program;

f) Any and all medical records relative to the treatment provided to the plaintiff, including but not limited to the records of Eckerd Drugs, Walgreen Drug Stores, Sav-

A-Center Pharmacy, New Orleans Health Care Center, Dr. Michael E. Brunet, Tulane Medical Center, Gulf Coast Medical Consultants, Jo Ellen Smith Regional Medical Center and Charity Hospital (Medical Center of Louisiana at New Orleans).

11.

**Deposition Testimony Plaintiff**

None at this time.

**Deposition Testimony Defendant**

None at this time.

12.

A blow up of a medical summary calender listing date of treatments and amount of bills

13.

**Plaintiff's Witness List**

a) Stacy Sartin, 1040 Casa Calvo Street, New Orleans, Louisiana 70114; Plaintiff and Fact witness;

    b) Nathaniel Sartin, 1040 Casa Calvo Street, New Orleans, Louisiana 70114; To testify regarding plaintiff's injuries and how the injuries have affected the plaintiff.

    c) Dr. Michael Howard, The New Orleans, Health Care Center, 3909 Bienville Street, Suite 1C, New Orleans, Louisiana 70119; Medical expert to testify to the plaintiff's injuries, medical records, reports, diagnostic test results, charts, bills, diagnosis and prognosis.

    d) Dr. Michael Brunet, Tulane University Medical Center, 202 McAlister Extension, New Orleans, Louisiana; Medical expert to testify to the plaintiff's injuries, medical records, reports, diagnostic test results, charts, bills, diagnosis and prognosis.

e) Thompson Dietz, MD, Clearview Medical Imaging, 3100 Clearview Parkway, Metairie, Louisiana 70006. Expert radiologist to testify to the MRI performed on Stacy Sartin, including but not limited to the MRI report and bill for same.

f) Representative of Tulane University Hospital and Clinic, 1415 Tulane Avenue, New Orleans, Louisiana; To testify to the medical bills incurred by the plaintiff as a result of this accident;

g) Representative of Wal-Mart, Francis Cooper, defendant on cross examination;

h) Susan Yingst, Sodexho Marriot, 935 Gravier Street, New Orleans, Louisiana 70112; To testify regarding the plaintiff's lost wages incurred as a result of this accident;

i) Lisa Melancon, Human Resources, New Orleans Convention Center, 900 Convention Center Boulevard, New Orleans, Louisiana 70130 To testify regarding the plaintiff's lost wages incurred as a result of this accident;

j) Danine Cemes, fact witness

k) Warren Watson, fact witness.

l) Any witness listed by any party to this litigation;

m) Any person mentioned or referred to in any discovery conducted in this matter.

**Defendant's Witness List:**

a) Frances Cooper - In care of Wal-Mart Store, Gretna, Louisiana; Ms. Cooper will testify relative to the facts and circumstances surrounding the alleged accident, as well as the procedures in effect at the Wal-Mart Store on that date;

b) Danine Cemes - In care of Wal-Mart Store, Gretna, Louisiana; Ms. Cemes will testify relative to the facts and circumstances surrounding the alleged accident, as well as the procedures in effect at the Wal-Mart Store on that date.

 c) Warren Watson- In Care of Wal-Mart Store, Gretna, Louisiana; Mr. Watson will testify relative to the facts and circumstances surrounding the alleged accident, as well as the procedures in effect at the Wal-Mart Store on that date;

 d) Ron Dyson - In Care of Wal-Mart Store, Gretna, Louisiana; Mr. Dyson will testify relative to the facts and circumstances surrounding the alleged accident, as well as the procedures in effect at the Wal-Mart Store on that date;

14.

This is a jury case. Proposed jury instructions, special jury interrogatories, trial memoranda, and any special questions that the Court is asked to put to prospective jurors on voir dire shall be delivered to the Court and opposing counsel no later than five working days prior to the trial date, unless specific leave to the contrary is granted by the Court.

15.

The issue of liability will not be tried separately from that of quantum.

16.

None at this time.

17.

The trial shall commence on December 11, 2000 at 8:30 a.m. and will last for two to three Days

18.

This pre-trial order has been formulated after the conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to

prevent manifest injustice.

19.

The possibility of settlement of this case was considered.

Respectfully Submitted,

_____
Robert J. Caluda, Bar No. 3804
Attorney for Plaintiff
1340 Poydras Street, Suite 2110
New Orleans, Louisiana 70112
(504) 586-0361

_____
Roy C. Beard, Bar No. 17461
Attorney for Defendant
3445 N. Causeway Blvd., Suite 800
Metairie, Louisiana 70002
(504) 831-0946

_____
The Honorable Carl J. Barbier
U.S.D.C. Eastern District of Louisiana

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing
pleading has been served upon counsel for
all parties by mailing same to each
properly addressed and postage prepaid on

this ____ day of November ,2000.

_____
Lisa M. Schick