


## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STACY SARTIN | CIVIL ACTION No. 00-0164 |
| VERSUS | SECTION "J" |
| WAL-MART STORES, INC. | MAGISTRATE (1) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT'S OBJECTIONS TO BILL OF COSTS

**MAY IT PLEASE THE COURT:**

Defendant, Wal-Mart Stores, Inc., respectfully submits its objections to plaintiff's Bill of Costs in the above-captioned matter. At the outset, Wal-Mart notes that it has no objection to plaintiff's recovery of the fees of the clerk, fees for service of summons and subpoenas, fees for witnesses, fees for medical records and cost of juror meals, totaling $819.11. Wal-Mart does object to the fees sought for the court reporter, for Dr. Michael Brunet's expert witness fees, and for Federal Express and Deep South Courier Service fees.

At the trial of this matter, the only deposition introduced into evidence was that of Dr. Michael Brunet. 28 USCA Section 1920 regarding costs provides that the clerk may tax as costs the fees of the court reporter for all or any part of a stenographic transcript necessarily obtained for use in a case. Use of a deposition in pre-trial procedure does not render it "necessary for use in the case."



The transcript must be used at trial or be requested by the court in order to satisfy this requirement. As such, plaintiff is only entitled to the stenographic cost of Dr. Michael Brunet's deposition. Certainly, the stenographic cost for Dr. Brunet's deposition was not $708.45.

Plaintiff is not entitled to a $750.00 expert witness fee for Dr. Brunet. 28 USCA Section 1821 provides that a witness shall be paid an attendance fee of $40.00 per day for each day of attendance. The usual rule in civil litigation in federal courts is that expert witness fees are not recoverable as costs and experts are compensable only at the same rate as other witnesses. *Jones v. Diamond*, 636 F. 2d 1364 (5th Cir. 1981). There is no validity to a claim for expert witness fees in excess of statutory amounts. *Gerber v. Stoltenberg*, 394 F. 2d 179 (5th Cir. 1968). It is clear that plaintiff is only entitled to $40.00, not $750.00, in expert fees for Dr. Brunet.

Lastly, plaintiff is not entitled to Federal Express and Deep South Courier Service expenses. There is no provision under 28 USCA Section 1920 for the recovery of costs for filing or mailing documents.

In light of the foregoing, defendant, Wal-Mart Stores, Inc., submits that plaintiff is only entitled to recover costs in the amount of $859.11 plus the cost of the stenographic transcript of Dr. Michael Brunet's deposition in this matter. All other costs sought are not allowed under law.

Respectfully submitted,

_____
ROY C. BEARD (17461)
HEATHER G. CONNOR (25627)
CAMPBELL, MCCRANIE, SISTRUNK,
   ANZELMO & HARDY
3445 N. Causeway Blvd.
Suite 800
Metairie, Louisiana 70002
(504)831-0946

## **CERTIFICATE**

I hereby certify that a copy of the above and foregoing has been served on counsel of record by placing the same in the U.S. mail, postage prepaid and properly addressed this 2nd day of January, 2001.

_____